IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY  )<br>AND ETHICS IN WASHINGTON, )<br>455 Massachusetts Ave., N.W., Sixth Floor )<br>Washington, D.C. 20001 )<br>    )<br>    Plaintiff, )<br>    )<br>v.   )     Civil Action No.<br>    )<br>GENERAL SERVICES )<br>ADMINISTRATION, )<br>1800 F Street, N.W. )<br>Washington, D.C. 20405 )<br>    )<br>    Defendant. )<br>_____ ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the General Services Administration ("GSA") to disclose to CREW records in response to two separate FOIA requests.

2. This case seeks declaratory relief that GSA is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and injunctive relief ordering the defendant GSA to process and release to CREW immediately the requested records.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant GSA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. GSA has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

## Factual Background

*Plaintiff's February 9, 2017 FOIA Request*

6. On January 20, 2017, Norman Dong, GSA commissioner of the Public Buildings Service, became acting administrator of GSA. Hours later, newly inaugurated President Donald Trump replaced Mr. Dong with Tim Horne, who reportedly was responsible for coordinating GSA's transition with the President's transition team.

7. With this appointment, Mr. Horne became responsible for resolving an outstanding controversy over whether President Trump's company was in violation of its

60-year lease with GSA for the conversion of the Old Post Office building into the Trump International Hotel Washington, D.C. ("Trump Hotel DC lease"). That lease states in relevant part: "No . . . elected official of the Government of the United States . . . shall be admitted to any share or part of this Lease, or to any benefit that may arise therefrom[.]"

8. On February 9, 2017, CREW submitted by email a FOIA request to GSA seeking two categories of records: (1) copies of all communications sent to or from Acting GSA Administrator Horne, from January 20, 2017 through January 24, 2017; and (2) copies of all communications sent to or from Mr. Dong during that same time-period.

9. CREW sought a waiver of fees associated with processing its request, explaining the requested records would shed light on how the issue of the Trump Hotel DC lease is being handled, and whether the controversy surrounding the lease played a role in the rapid replacement of Mr. Dong with Mr. Horne as acting administrator. The records also would increase public knowledge of how GSA communicates to employees its management changes and decisions.

10. By letter dated February 14, 2017, GSA advised CREW the agency had determined the request was too broad in scope and did not specifically identify the records CREW seeks. GSA further advised if it did not receive an amended request within 10 business days it would consider the request withdrawn.

11. By letter dated February 14, 2017, and sent by email, CREW responded to the GSA's letter of that date. First, CREW took issue with the characterization of its FOIA request as overly broad and without sufficient detail. CREW explained its request identifies two discrete categories of communications sent over a several-day period to or

from two specific individuals. Nevertheless, in the interest of assisting GSA to expeditiously process its request, CREW made the following refinements to its initial request. First, CREW narrowed the request to encompass only communications related to any change in position of either Mr. Horne or Mr. Dong. Second, CREW narrowed its requests to all communications sent to or from any individual within the Executive Office of the President or any member of the Trump transition team.

12. By email dated March 27, 2017, in response to an inquiry from CREW about the status of its request, GSA stated it was still reviewing the several hundreds of pages of emails identified as responsive and would need at least another 20 business days, or until April 24, 2017, to compete the review and coordination before it could release the requested documents to CREW.

13. To date, GSA has not made a determination on CREW's February 9, 2017 FOIA request within the meaning of the FOIA, or provided CREW with any responsive records.

14. CREW has now exhausted all applicable administrative remedies with respect to its February 9, 2017 FOIA request.

*March 27, 2017 FOIA Request*

15. On March 27, 2017, CREW sent GSA by facsimile a FOIA request for three categories of records related to the Old Post Office tenant, Trump Old Post Office LLC. First, CREW requested copies of all notes, other recordations, and/or materials generated by or concerning meetings held between GSA and representatives of the Old Post Office tenant on January 31, March 7, and March 15, 2017. CREW noted those meetings are referenced in a March 23, 2017 letter from GSA Contracting Officer Kevin Terry to

Donald J. Trump, Jr. Second, CREW requested unredacted copies of materials included with the March 23 letter from GSA, specifically the second sentence of one designated paragraph and nine pages of an exhibit. Third, CREW requested copies of all prior transfers in February 2016 involving the Old Post Office tenant, as referenced in a December 16, 2016 letter from Trump Old Post Office LLC to GSA.

16. CREW also requested a waiver of fees associated with processing its March 27 request. As CREW explained, the opinion of GSA Contracting Officer Kevin Terry that the Trump Organization is in full compliance with the terms of its lease with GSA, as set forth in his letter of March 23, 2017, has generated significant criticism and controversy over whether the President is in violation of the lease as long as he continues to be its beneficiary. The requested records would shed light on what forces may have been brought to bear on Mr. Terry's decision, and would provide a more complete factual context for the public's understanding of why President Trump, consistent with the terms of the lease, may remain a beneficiary of that lease.

17. By email dated March 28, 2017, GSA advised CREW its request for a fee waiver has been determined to be not applicable because the request is "not billable." The email did not explain why CREW's request was "not billable."

18. By email dated April 10, 2017, GSA advised CREW its estimated date of delivering responsive documents was no later than April 25, 2017. GSA further advised CREW that if it needed an extension it would advise CREW of that fact.

19. To date, GSA has not made a determination on CREW's March 27, 2017 FOIA request within the meaning of the FOIA, or provided CREW with any responsive records.

20. CREW has now exhausted all applicable administrative remedies with respect to its March 27, 2017 FOIA request.

### **PLAINTIFF'S CLAIMS FOR RELIEF**

### **CLAIM ONE**
### **(Wrongful Withholding of Non-Exempt Records)**

21. Plaintiff repeats and re-alleges paragraphs 1-20.

20. In its February 9, 2017 FOIA request, plaintiff properly asked for records within the custody and control of GSA.

21. Defendant GSA wrongfully withheld from disclosure agency records requested by plaintiff in its February 9, 2017 FOIA request.

22. By failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

23. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its February 9, 2017 FOIA request.

### **CLAIM TWO**
### **(Wrongful Withholding of Non-Exempt Records)**

24. Plaintiff repeats and re-alleges paragraphs 1-23.

25. In its March 27, 2017 FOIA request, plaintiff properly asked for records within the custody and control of GSA.

26. Defendant GSA wrongfully withheld from disclosure agency records requested by plaintiff in its March 27, 2017 FOIA request.

27. By failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

28. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its March 27, 2017 FOIA request.

## **Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant GSA to immediately and fully process plaintiff's February 9, 2017 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the records requested in its February 9, 2017 FOIA request;

(3) Order defendant GSA to immediately and fully process plaintiff's March 27, 2017 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(4) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the records requested in its March 27, 2017 FOIA request;

(5) Provide for expeditious proceedings in this action;

(6) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(7) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(8) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_/s/ Anne L. Weismann_
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics

Case 1:17-cv-01336 Document 1 Filed 07/06/17 Page 8 of 8

          in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: July 6, 2017      *Attorneys for Plaintiff*

8